UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-107-TBR

POLYONE CORPORATION,                                                        PLAINTIFF

v.

WESTLAKE VINYLS, INC.,                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff PolyOne Corporation's Motion for Temporary Restraining Order and Preliminary Injunction. [R. 4.] Defendant Westlake Vinyls, Inc. responded, [R. 26], and PolyOne replied, [R. 30.] Fully briefed, this matter is ripe for adjudication. For the following reasons, PolyOne's Motion for Temporary Restraining Order and Preliminary Injunction, [R. 4], is **DENIED**.

## BACKGROUND

The history of the relationship between the parties is laid out in this Court's Memorandum Opinion in *PolyOne Corporation v. Westlake Vinyls, Inc,* No. 5:17-CV-157-TBR, 2018 WL 2437241 (W.D. Ky. May 30, 2018). According to PolyOne, it filed an arbitration demand on May 17, 2017 "seeking to allocate liability for certain environmental costs related to the Westlake Chemical Facility in Calvert City, Kentucky pursuant to the December 19, 2007, Settlement and Release Agreement to resolve the parties' prior litigation in this Court." [R. 1 at 1 (PolyOne Complaint).] A seven-week arbitration hearing is scheduled to begin on August 6, 2018. [*Id*.] On July 10, 2018, PolyOne filed the Motion for a Temporary Restraining Order and Preliminary Injunction, [R. 4], that is currently before the Court.

## STANDARD

To determine whether a preliminary injunction should issue under Federal Rule of Civil Procedure 65(a), the Court weighs four factors: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay." *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir. 1991). "For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the stay." *Blackwell*, 467 F.3d at 1009. The party seeking the preliminary injunction bears the burden of justifying such relief. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 441 (1974)).

## DISCUSSION

PolyOne argues that each of the four preliminary injunction factors weigh in its favor. [R. 4-1 at 8 (PolyOne TRO Memo).] Westlake disagrees. [*See generally* R. 26 (Westlake Response).] The Court will address each factor in turn.

### A.  Whether the movant has a strong likelihood of success on the merits

PolyOne argues there is a strong likelihood it can show that the arbitration provisions of the 2007 Settlement Agreement, ("the 2007 Agreement"), are invalid and unenforceable. [R. 4-1 at 8.] In support of this assertion, PolyOne first contends that Section 6.3 of the Agreement, labelled "Complaint for Judicial Determination," is unenforceable pursuant to the Supreme Court's holding in *Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576 (2008). [*Id.* at 9.] In

*Hall Street*, the Supreme Court faced the question of "whether statutory grounds for prompt vacatur and modification may be supplemented by contract." *Hall St. Assocs.*, 552 U.S. at 578. There, the two parties entered an arbitration agreement with the following provision:

> [t]he United States District Court for the District of Oregon may enter judgment upon any award, either by confirming the award or by vacating, modifying or correcting the award. The Court shall vacate, modify or correct any award: (i) where the arbitrator's findings of facts are not supported by substantial evidence, or (ii) where the arbitrator's conclusions of law are erroneous.

*Id*. at 579. The Court held that "§§ 10 and 11[1] respectively provide the FAA's exclusive grounds for expedited vacatur and modification" rather than a contract provision that expands judicial review following arbitration. *Id*. at 584.

PolyOne contends that two of the provisions under Section 6 of the Agreement, Sections 6.1 and 6.3, "unambiguously conflict with the more limited grounds for review of an arbitrator's

---

[1] The relevant portion of § 10 of the FAA states:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1-4). Section 11 states:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration--
> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11.

award set forth in Sections 10 and 11 of the FAA," making Section 6.3 unenforceable. [R. 4-1 at 11.]

In response, amongst several arguments, Westlake contends that PolyOne waived the right to challenge the validity of the arbitration clause. [R. 26 at 24.] PolyOne retorts that "participating in an arbitration is not sufficient to support waiver," and it did not intentionally waive its current argument because it did not learn of the Tenth Circuit's ruling in *Citizen Potawatomi Nation v. Oklahoma*, 881 F.3d 1226, 1238 (10th Cir. 2018), until on or about June 30, 2018. [R. 30 at 11.]

Although there is a strong argument that Section 6 is invalid under the holding of the Supreme Court in *Hall Associates*, the argument that PolyOne waived the right to challenge the validity of the arbitration clause is stronger. "'[W]aiver is the intentional relinquishment or abandonment of a known right' leaving no correctable error in its wake. Waiver requires 'knowledge of the right and intent to waive that right, either by action or omission.'" *CFE Racing Prod., Inc. v. BMF Wheels, Inc.*, 793 F.3d 571, 587 (6th Cir. 2015) (internal citation omitted). True, as cited by PolyOne, the Sixth Court found in *Wiepking v. Prudential-Bache Sec., Inc.* that the plaintiffs did not waive their right to litigate their controversy when they followed the district court's order to participate in arbitration. 940 F.2d 996, 999 (6th Cir. 1991). However, unlike *Wiepking*, PolyOne did not stage a "vigorous opposition to referral of their claims to arbitration" and subsequently submit to arbitration only upon order of the court. *Id*. at 999. In fact, PolyOne was the party that filed an arbitration demand on May 17, 2017. [R. 1 at 1.]

It is also true that this district previously found in *Lockman v. J.K. Harris & Co., LLC* that the plaintiffs did not waive "their ability to challenge the validity and scope of arbitration agreement by executing the Engagement Agreement, filing a claim with NAF, and pursuing that

4

claim in arbitration for over one year." No. 3:06-CV-258-H, 2007 WL 734951, at *3 (W.D. Ky. Mar. 6, 2007). As PolyOne cites in its Reply, the court in *Lockman* found that, unlike questioning the arbitrability of a grievance in court, the plaintiffs were "challenging the enforceability of the agreement itself, an analysis which this Court may properly make" and "[a] ruling by a court on the issue of unconscionability would have been premature prior to an arbitrator's finding that the Engagement Agreement prohibits class action proceedings." *Lockman*, No. 3:06-CV-258-H, 2007 WL 734951, at *3. In contrast to the situation in *Lockman*, a ruling by this Court on the validity of Section 6 of the 2007 Agreement would not have been premature. Indeed, it would have been appropriate years ago. Moreover, the factual situation at hand is far worse than that of *Lockman*. PolyOne had ten years to object to the validity of the 2007 Agreement since the publishing of *Hall Associates*, yet, instead, it instituted one arbitration in 2010 under the 2007 Agreement—which lasted five years—and another arbitration in May of 2017. [R. 26 at 1.] Ten years after *Hall Associates* was published, and after an immense amount of time and money was expended by either party, PolyOne either knew or should have known of its right to challenge the validity of Section 6 of the 2007 Agreement. Furthermore, it was clearly *Hall Associates* that gave PolyOne the right to argue the invalidity of Section 6, not *Potawatomi*, making PolyOne's argument that it did not learn of *Potawatomi* until June of 2018 irrelevant.

Thus, the Court finds that PolyOne waived any argument that the 2007 Agreement is invalid, and the first factor weighs against granting a preliminary injunction.[2]

**B. Whether the movant would suffer irreparable injury absent a stay**

Under the second factor, PolyOne primarily makes two arguments to support its claim of irreparable harm: (1) "The fact that PolyOne would be forced to arbitrate its dispute with

---

[2] As the Court has already found that the first factor weighs against granting a preliminary injunction, it is unnecessary to analyze Westlake's numerous other arguments at this time.

5

Westlake under an invalid agreement to arbitrate is by itself sufficient to establish irreparable harm," [R. 4-1 at 18], and (2) the financial expense to PolyOne, [*Id.* at 18-20].

First, the Court has not ruled on whether the 2007 Agreement is invalid. Thus, PolyOne's first argument depends on something that has yet to occur. Such speculation fails to demonstrate irreparable harm. *See Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006) ("To demonstrate irreparable harm, the plaintiffs must show that unless GDNF treatments resumed immediately, they will suffer 'actual and imminent' harm rather than harm that is speculative or unsubstantiated."); *King v. Harwood*, No. 3:15-CV-762-GNS, 2017 WL 6029633, at *10 (W.D. Ky. Dec. 5, 2017) (mentioning that "other circuits considering whether an injury is irreparable have determined that speculative injuries do not rise to that level of severity").

Second, the Sixth Circuit has stated that "[m]ere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough" for an injury to be deemed irreparable. *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F. 3d 927, 930 (6th Cir. 2002) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Furthermore, this district has stated that "[e]ven substantial and un-recoupable litigation expenses do not rise to the level of being irreparable." *King*, No. 3:15-CV-762-GNS, 2017 WL 6029633, at *10 (citing *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, n. 20 (9th Cir. 2017)); *see also Spartech CMD, LLC v. Int'l Auto. Components Grp. N. Am., Inc.*, No. 08-13234, 2009 WL 440905, at *10 (E.D. Mich. Feb. 23, 2009), *on reconsideration*, No. 08-13234, 2009 WL 2058731 (E.D. Mich. July 15, 2009) ("Even if a court eventually rules the clause unenforceable, the fact that Plaintiff will have had to defend itself in arbitration-and perhaps sustain an adverse ruling-does not amount to irreparable harm."). Thus, PolyOne's arguments concerning the

money spent on the arbitration hearing, [R. 4-1 at 18], and preparation for the hearing, [*Id*. at 19], do not prove irreparable harm.

In sum, the Court finds that the second factor weighs against granting a preliminary injunction.

### C. Whether granting the stay would cause substantial harm to others

Under the third factor, both parties focus on the balance of harms that will occur between whether the injunction is granted or denied. Once again, PolyOne laments its potential financial losses if the injunction is denied, and it claims that Westlake will suffer little prejudice because "a majority of the costs at issue in the proceeding are costs that PolyOne seeks to recover from Westlake." [R. 4-1 at 20.] Westlake responds that an injunction would force it to start from scratch, abandoning the trial strategies it formed over the past year under the assumption that Section 6 was valid. [R. 26 at 37.] It is clear from the arguments of both sides, that no matter the outcome, either party will lose an investment in both time and money. Thus, the third factor is neutral, weighing in favor of neither party.

### D. Whether the public interest would be served by granting the stay

Finally, PolyOne claims that the public interest favors enjoining the arbitration because "the public interest is served by enforcing contractual rights," and both parties agreed to arbitrate with the understanding that the arbitration award would be subject to de novo by this Court and "if any provision of the agreement to arbitrate were determined to be unenforceable and material to the parties' agreement, the entirety of the arbitration agreement would be invalid and unenforceable." [R. 4-1 at 21.] Once again, PolyOne's argument depends on a conclusion of the Court that has yet to occur. Thus, this argument fails just as it did under the second factor. Furthermore, in opposition to PolyOne's contention, the Sixth Circuit has stated that arbitration

serves the public interest by lightening courts' workloads and producing a "speedier resolution to controversies." *Performance Unlimited, Inc. v. Questar Publishers, Inc.,* 52 F.3d 1373, 1384 (6th Cir. 1995).

Thus, the Court finds that the fourth factor weighs against granting a preliminary injunction. Overall, three of the four factors weigh against granting a preliminary injunction. As PolyOne has not met its burden in justifying the relief of a preliminary injunction, its Motion for a Temporary Restraining Order and Preliminary Injunction, [R. 4], is DENIED.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**: PolyOne's Motion for Temporary Restraining Order and Preliminary Injunction, [R. 4], is **DENIED**. **A telephonic conference is set for July 31, 2018 at 9:00 A.M. CDT. The Court will place the call.**

**IT IS SO ORDERED**.

cc: Counsel of Record