UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-107-TBR

POLYONE CORPORATION,                                                                    PLAINTIFF

v.

WESTLAKE VINYLS, INC.,                                                                  DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant Westlake Vinyls, Inc.'s Motion to Dismiss, [R. 35]. Plaintiff PolyOne Corporation responded, [R. 41], and Westlake replied, [R. 42]. Fully briefed, this matter is ripe for adjudication. For the reasons stated herein, Westlake's Motion to Dismiss, [R. 35], is **GRANTED**.

**Background**

The factual background and procedural history of this case is well known to the Court. Further detail concerning the relationship between these parties can be found in this Court's Memorandum Opinion in *PolyOne Corporation v. Westlake Vinyls, Inc,* No. 5:17-CV-157-TBR, 2018 WL 2437241 (W.D. Ky. May 30, 2018). In short, the ongoing dispute between the parties arises from the 2007 Settlement and Release Agreement ("2007 Settlement Agreement"), which contains the arbitration provision that is currently at issue. On October 31, 2017, PolyOne filed an Amended Complaint regarding arbitration of a different provision of the 2007 Settlement Agreement, and on May 30, 2018, this Court granted Westlake's Motion to Dismiss the matter. *See id.* The Court noted in its Memorandum Opinion, that PolyOne stated that it filed a Demand for Arbitration on May 19, 2017 and a Cross-Notice of Arbitration on or around September 19, 2017. *Id.* at *4-6.

1

On July 10, 2018, PolyOne filed a Complaint for Declaratory and Injunctive Relief and Petition to Enjoin Arbitration with this Court, [R. 1]. PolyOne pleaded that due to the Tenth Circuit's holding on February 6, 2018, in *Citizen Potawatomi Nation v. Oklahoma*, 881 F.3d 1226 (10th Cir. 2018), the arbitration provision of the 2007 Settlement Agreement is invalid. [*Id.*] PolyOne further noted in its Complaint that a seven-week arbitration hearing was scheduled to begin on August 6, 2018, in Louisville, Kentucky. [R. 1 at 2.] On the same day the Complaint was filed, PolyOne filed a Motion for Temporary Restraining Order, [R. 4], which was denied by this Court, [R. 38]. Thereafter, Westlake filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which is currently before the Court.

**Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc., 552 F.3d at 434 (citing Great Lakes Steel, 716 F.2d at 1105)*. "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Should the well-pleaded facts support no "more than the mere possibility

of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x. 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79). The Court may properly consider documents as part of the pleadings if the document is "referred to in the complaint and is central to the plaintiff's claim." *DBI Investments, LLC v. Blavin*, 617 F. App'x 374, 376 (6th Cir. 2015) (quoting *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir.1999)). Furthermore, "[a] court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003), *holding modified by Merck & Co. v. Reynolds*, 559 U.S. 633, 130 S. Ct. 1784, 176 L. Ed. 2d 582 (2010).

## Discussion

### A. The Waiver Issue

Although there is a fair amount of briefing between the parties, many of the arguments remain the same as they appeared in the briefs regarding PolyOne's Motion for Temporary Restraining Order and Preliminary Injunction, [R. 4; *see also* R. 26 (Westlake's Response to PolyOne's Motion for TRO)]. Westlake, once again, asserts that PolyOne's claim cannot succeed based on res judicata, the equitable doctrines of waiver and judicial estoppel, etc. The Court stands by its previous observation that PolyOne has waived the right to challenge the validity of the arbitration clause of the 2007 Settlement Agreement, [*See* R. 38 at 4].

"'[W]aiver is the intentional relinquishment or abandonment of a known right' leaving no correctable error in its wake." *Williams v. Port Huron Sch. Dist.*, 455 F. App'x 612, 623 (6th Cir.

3

2012) (Moore, J. dissenting) (quoting *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). "Waiver requires 'knowledge of the right and intent to waive that right, either by action or omission.'" *CFE Racing Prod., Inc. v. BMF Wheels, Inc.*, 793 F.3d 571, 587 (6th Cir. 2015). Here, Westlake argues that PolyOne waived any right to challenge the validity of the arbitration clause of the 2007 Settlement Agreement by twice initiating arbitration against Westlake and allegedly conceding the validity of the arbitration agreement in the October 2017 lawsuit. [R. 35-6 at 26.] PolyOne retorts that it did not commit waiver because the basis for its objection to the arbitration provision comes from a recently decided case by the Tenth Circuit, i.e., *Potawatomi*. PolyOne believes that "the *Potawatomi* court made new law," therefore, its delay in objecting to Section 6 of the 2007 Agreement is justified. [R. 41 at 18.] The parties dispute whether the basis for PolyOne's argument actually derives from *Potawatomi*, or from the Supreme Court's holding in *Hall St. Assocs., L.L.C. v. Mattel, Inc.*,[1] decided in 2008—one year after the parties agreed to the 2007 Settlement Agreement.

**B.** ***Hall Street* and *Potawatomi***

In *Hall Street*, the Supreme Court faced the question of "whether statutory grounds for prompt vacatur and modification may be supplemented by contract." 552 U.S. 576, 578 (2008). There, the two parties entered an arbitration agreement with the following provision:

> [t]he United States District Court for the District of Oregon may enter judgment upon any award, either by confirming the award or by vacating, modifying or correcting the award. The Court shall vacate, modify or correct any award: (i) where the arbitrator's findings of facts are not supported by substantial evidence, or (ii) where the arbitrator's conclusions of law are erroneous.

---

[1] *Hall St. Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576 (2008).

*Id*. at 579. The Court held that "§§ 10 and 11[2] respectively provide the FAA's exclusive grounds for expedited vacatur and modification" rather than a contract provision that expands judicial review following arbitration. *Id*. at 584.

A decade later, in *Potawatomi*, the Tenth Circuit enforced the holding of *Hall Street* in a matter involving the arbitration provision within a Tribal-State gaming compact between Oklahoma and the Citizen Potawatomi Nation. The Tenth Circuit found that *Hall Street* made clear that the provision in the compact allowing for the de novo review by a federal district court of any arbitration award was invalid. *Potawatomi*, 881 F.3d at 1238. Thereafter, the court engaged in a severability analysis in which it adhered to federal contract principles and found that "[w]hen considered as a whole, Compact Part 12 makes clear that the parties' agreement to engage in binding arbitration was specifically conditioned on, and inextricably linked to, the availability of de novo review in federal court." *Id*. at 1239-40. Thus, the Tenth Circuit held that

---

[2] The relevant portion of § 10 of the FAA states:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1-4). Section 11 states:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration--
> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11.

the arbitration provision of the compact was unenforceable and severable from the compact. *Id*. at 1241.

### C. The Parties' Arguments Regarding Waiver

PolyOne asserts that, pursuant to *Potawatomi*, the arbitration provision of the 2007 Settlement Agreement is legally invalid, unenforceable, and severable from the 2007 Settlement Agreement. In its Motion to Dismiss, Westlake argues that PolyOne waived any right to challenge the validity of the arbitration clause by consistently showing its intent to arbitrate through "twice initiating arbitration against Westlake" and filing "the October 2017 Lawsuit regarding arbitrability . . .." [R. 35-6 at 26.][3] The Court agrees with Westlake. By initiating two different arbitrations and a lawsuit against Westlake, PolyOne abandoned the right to now claim that the arbitration clause was invalid all along. If PolyOne wished to object to the validity of the arbitration clause, it could have done so in 2008—a year after the agreement was formed—under the binding authority of the Supreme Court in *Hall Street*. Instead, both parties continued to pour time and resources of their own and of this Court into arbitration and litigation. Now, PolyOne wishes to object to the validity of the arbitration provision, not due to its negligence or ignorance of *Hall Street*, but because of a recent decision by a non-binding authority on this Court. Quite simply, if PolyOne wished to object to this arbitration agreement, it should have done so a decade ago.

---

[3] Frankly, case law from the Sixth Circuit is not clear on the issue of waiving the right to challenge the validity of an arbitration clause when the party has already initiated arbitration. Commonly, the issue is whether a party waived the *right to arbitrate* by actively participating in *litigation*. *See, e.g., Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 717-718 (6th Cir. 2012). However, the issue at hand does not involve the waiver of a right to arbitrate but the waiver of *the right to challenge arbitration*. The Court notes that waiver of the right to arbitrate has its own two-step analysis, as well as an overarching deference in favor of arbitration. *See, e.g., Aqualucid Consultants, Inc. v. Zeta Corp.*, 721 F. App'x 414, 418 (6th Cir. 2017). The parties cite no case law, nor was the Court able to find any applicable precedent, applying the two-step analysis for waiver of the right to arbitrate to a situation involving the waiver of the of the right to challenge arbitration.

In response to Westlake's assertion of waiver, PolyOne makes several arguments that the Court shall briefly consider in turn. First, PolyOne argues that "it was *Potawatomi*, not *Hall Street*, that held, as a matter of first impression, that when an invalid judicial review provision is material to, and not severable from, an arbitration agreement, the arbitration agreement as a whole is invalid," thereby "ma[king] new law." [R. 41 at 18.] Beyond the fact that the Tenth Circuit's holding is not binding on this Court, the Court notes that, in performing its severability analysis in *Potawatomi*, the Tenth Circuit cited to traditional contract interpretation, such as the parole evidence rule[4]—not a revolutionary change in law.

The Court also disagrees with PolyOne's assertion that "the severability clause in *Potawatomi* is substantively identical to the severability clause in the 2007 Settlement Agreement." [R. 41 at 18.] In *Potawatomi*, the Tenth Circuit found that the arbitration provision was not severable because "Compact Part 12 makes clear that the parties' agreement to engage in binding arbitration was specifically conditioned on, and inextricably linked to, the availability of de novo review in federal court." *Potawatomi*, 881 F.3d at 1239–40. Specifically, the court found:

> Compact Part 12(2), the provision establishing binding arbitration, specifically limits that requirement to the availability of de novo review as set out in Compact Part 12(3). Okla. Stat. tit. 3A, § 281 ("*Subject to the limitation set forth in paragraph 3 of this Part*, either party may refer a dispute arising under this Compact to arbitration under the rules of the American Arbitration Association (AAA), *subject to enforcement or pursuant to review as provided by paragraph 3 of this Part by a federal district court*." (emphasis added)).

*Id*. Unlike the Compact in *Potawatomi*, the section labelled "Arbitration Procedures" of the 2007 Agreement did not contain any language specifically conditioning arbitration on the availability

---

[4] *See Potawatomi*, 881 F.3d at 1239.

of de novo review in court. [*See* R. 28 at 5.] In an effort to compare the arbitration provision to *Potawatomi*, PolyOne quotes a later portion of Section 4:

> Except as provided for in Section 6, neither PolyOne nor Westlake shall engage in litigation with the other Party regarding any dispute over the allocation of Allocable Costs or any dispute regarding the amount of an Allocable Cost if the allocation or if the amount of Allocable Costs has been initially determined in an arbitration conducted pursuant to this Section 4 . . ..

[R. 41 at 15 (quoting 2007 Settlement Agreement § 4.4).] However, after assigning the language of this provision its ordinary meaning, this section seems to clearly state that neither party shall engage in litigation except as provided in Section 6—it does not condition arbitration on the availability of de novo review in court.

Secondly, PolyOne cites "analogous situations involving late-filed motions to compel arbitration" demonstrating times when courts denied an argument of waiver "when the motion to compel was filed on the heels of a change in the law." [R. 41 at 18.] Besides the fact that the motion at hand is not one to compel arbitration and neither case cited by PolyOne is binding on this Court, both examples cited by PolyOne involved changes in the applicable law due to a recently decided opinion *by the Supreme Court*. *See Ackerberg v. Johnson*, 892 F.2d 1328, 1333 (8th Cir. 1989); *Benoay v. Prudential-Bache Sec., Inc.*, 805 F.2d 1437, 1440 (11th Cir. 1986). True, a change in the law did occur here due to the Supreme Court's holding in *Hall Street Associates*; however, PolyOne claims that it was the recent finding of the Tenth Circuit that brought a change in the law, not the Supreme Court's opinion that was decided ten years ago.

Finally, PolyOne again cites to the case of *Lockman v. J.K. Harris & Co., LLC*, 2007 WL 734951 (W.D. Ky. March 6, 2007), as it did in its Reply brief following its Motion for a Temporary Restraining Order, [*See* R. 30 at 11-12]. However, PolyOne fails to present any new arguments based off *Lockman*, instead reverting to its previous assertion that requiring PolyOne to raise an invalidity argument before *Potawatomi* would have required PolyOne to "anticipate a

8

change in law before it occurred." [R. 41 at 21.] As the Court distinguished *Lockman* in its previous opinion, [*See* R. 38 at 4-5], and analyzed PolyOne's latter argument above, the Court finds it unnecessary to devote any further judicial resources to these arguments.

In summary, the Court finds that PolyOne waived the right to object to the validity of the arbitration provision of the 2007 Settlement Agreement. Thus, Westlake's Motion to Dismiss, [R. 35], is GRANTED.[5]

## Conclusion

For the foregoing reasons, Defendant Westlake's Motion to Dismiss, [R. 35], is **GRANTED**. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

cc: Counsel of Record

**Thomas B. Russell, Senior Judge**
**United States District Court**

January 15, 2019

---

[5] In the interest of efficiency and judicial economy, the Court finds it unnecessary to address Westlake's further arguments supporting its Motion to Dismiss.